**FILED**
**Jul 20, 2023**
**08:04 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **REAZKALLAH ABDELSHAHAED,** | ) | **Docket No. 2021-05-0272** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TAYLOR FRESH FOODS, INC.,** | ) | **State File Nos. 800172-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **ZURICH AMERICAN INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER DENYING BENEFITS

---

The Court held a Compensation Hearing on July 18, 2023, on whether Mr. Abdelshahaed is entitled to medical and disability benefits. Because Mr. Abdelshahaed submitted no medical proof that his injury arose primarily out of his employment with Taylor Fresh Foods, the Court holds that he is not entitled to the requested benefits.

### History of Claim

Mr. Abdelshahaed claimed he cut his left forefinger with a knife while opening boxes at Taylor Farms on November 4, 2020. He described being intentionally pushed by his supervisor, which caused the knife to slip. Although Mr. Abdelshahaed claimed his finger was bleeding profusely, he said Taylor Farms provided no medical treatment other than a bandage. Not long after this incident, Taylor Farms terminated him.

After an expedited hearing in November 2022, the Court found that Mr. Abdelshahaed had not shown he was likely to prove that the incident was the primary cause of his current need for treatment. However, it ordered Taylor Farms to offer a panel of physicians. Taylor Farms complied, and Mr. Abdelshahaed selected Dr. Paul Abbey, who saw Mr. Abdelshahaed once.[1]

---

[1] The parties disputed the timeframe of when the panel was provided, as well as when Mr. Abdelshahaed made his selection. However, the date of the evaluation is not relevant to this hearing.

1

Mr. Abdelshahaed offered two medical reports in support of his claim, one from Dr. Abbey and the other from his personal chiropractor, Dr. Larry McCoy. Both were excluded as hearsay after Taylor Farms objected.

At the hearing, Mr. Abdelshahaed testified that he suffered nerve damage and that his finger is now numb and useless. He requested medical treatment and disability benefits.[2]

Taylor Farms contended that Mr. Abdelshahaed is not entitled to benefits because he did not prove his injury was primarily caused by work. It also argued that he failed to present any evidence of temporary disability or permanent impairment.

### Findings of Fact and Conclusions of Law

Mr. Abdelshahaed has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must show by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

The first element that Mr. Abdelshahaed must prove is that his alleged injury arose primarily out of and in the course and scope of his employment. He must show "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(12) (2022).

In this case, neither party offered any medical proof.[3] Because the Court has no medical proof of causation, Mr. Abdelshahaed did not show that his injury arose out of and in the course and scope of his employment. This means the Court cannot find he is entitled to workers' compensation benefits.

---

[2] He also complained that he was wrongfully terminated after his accident and incurred substantial debt from his job loss. The Court explained that it has no authority to address these allegations. Any recourse for those claims lies outside of the Court of Workers' Compensation Claims.

[3] Contrary to the requirements of Rules 0800-02-21-.22(3) and (4), as well as the scheduling order, both parties also failed to file a witness list, exhibit list, or a prehearing statement.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Abdelshahaed's claim is denied.

2. Taylor Fresh Foods shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

3. Taylor Fresh Foods shall file an SD-2 within five days of entry of this order.

4. Unless appealed, this order shall become final thirty days after entry.

**ENTERED July 20, 2023.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits
1. Mr. Abdelshahaed's June 2, 2022 Rule 72 Declaration
2. Wage Statement
3. Dr. McCoy's July 7, 2023 office note (identification only)
4. Dr. Abbey's June 9, 2023 progress noted (identification only)
5. Screenshot of emailed medical panel
6. Employee's November 4, 2020 incident report
7. Mr. Abdelshahaed's July 10, 2023 Rule 72 Declaration

Technical record:
8. Petition for Benefit Determination
9. Dispute Certification Notice
10. Request for Expedited Hearing
11. Expedited Hearing Order
12. Appeals Board Opinion
13. Scheduling Order
14. Post-discovery Dispute Certification Notice
15. July 11, 2023 Motion to file Dr. McCoy's record
16. Response of Employer/Carrier to Motion

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on July 20, 2023.

| Name | U.S. Mail | Email | Service Sent To |
|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | 456 Cedar Park Circle<br>Lavergne, TN 37086<br>reazkallahabdelshahaed@yahoo.com |
| Peter Rosen,<br>Employer's Attorney | | X | prosen@vkbarlaw.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*